USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mar-Can Transportation Company, Inc.,

                                    Plaintiff,

          -against-

Local 854 Pension Fund,

                                    Defendant.

20-CV-8743 (CS)(PED)

ECF

**STIPULATION AND ORDER FOR
THE PRODUCTION AND
EXCHANGE OF ATTORNEY EYES
ONLY INFORMATION**

This matter having come before the Court by stipulation of Plaintiff Mar-Can Transportation Company, Inc. ("Mar-Can"), and Defendant Local 854 Pension Fund ("Teamsters Fund," collectively, the "Parties") for the entry of a protective order limiting the review, copying, dissemination and filing of certain documents; and the Parties, by and between their respective counsel, having stipulated and agreed to the terms set forth herein consistent with the Court's bench order dated May 17, 2021, and good cause having been shown;

IT IS hereby STIPULATED and ORDERED that:

1.      Complete, unredacted copies of the following documents will be produced to Defendant's litigation counsel, Blitman & King LLP:

(a)      The Agreement and Declaration of Trust for the Amalgamated Transit Workers Local 854 Pension Fund;

(b)      Amalgamated Transit Workers Local 854 Pension Fund Pension Plan;

(c)      The Summary Plan Description ("SPD") for the Amalgamated Transit Workers Local 854 Pension Plan;

(d)      The collective bargaining agreement between Plaintiff and Local 854 ATW (Amalgamated Transit Workers).

The foregoing four (4) documents, including any excerpts, summaries or paraphrases of the information contained therein, are referred to as "Confidential Information".

    2.    As used herein:

        (a)    "Producing Party" shall mean Mar-Can.

        (b)    "Receiving Party" shall mean the Teamsters Fund.

    3.    The foregoing Confidential Information is restricted for "Attorney Eyes Only", shall be stamped "Attorney Eyes Only", and except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

        (a)    counsel for the Teamsters Fund Blitman & King LLP, its associated attorneys, paralegals and other professional and non-professional personnel (including support staff) within that law firm who are assisting counsel in this action, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

        (b)    expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

        (c)    the Court and court personnel;

        (d)    an officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer;

        (e)    trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9, 10, and/or 11 hereof;

Case 7:20-cv-08743-CS-PED Document 107 Filed 07/27/21 Page 3 of 10

(f)    an outside copying vendor retained by counsel who is assisting counsel in this action and who has been advised by such counsel of their obligations hereunder;

(g)    any other person agreed to by the Producing Party.

4.    Confidential Information

(a)    shall not be given to, disclosed to or shared with the Defendant, its Board of Trustees, Teamsters Local 854, or any legal counsel representing those entities in other matters;

(b)    shall not be given to, disclosed to or shared with the general public; and

(c)    shall not be given to, disclosed to or shared with any person or entity not expressly authorized in paragraph 3.

5.    Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes. To the extent the Confidential Information is relevant to and used in future proceedings in this litigation in the manner set out below, Parties shall make reasonable efforts to use Confidential Information only where no non-Confidential data or documents are readily available, and only the portions of Confidential Information that are reasonably required for the intended purpose.

6.    Confidential Information, and any and all reproductions thereof, shall be retained by the Receiving Party by Blitman & King LLP in the custody of and at the offices of Blitman & King LLP only.

7.    Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 3(b) thereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall

supply a copy to counsel for the Producing Party at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8.    Nothing contained in this Stipulation and Order shall preclude the disclosure of information covered by Paragraph No. 1 that is obtained by Receiving Party from a third party that has legal authority to possess and disseminate the information.

9.    This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Confidential Information under the terms hereof. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the agreement shall supply a copy to counsel for the other Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, any party may apply to the Court for ~~the Court shall, upon application, enter~~ an order directing the witness's compliance with the Stipulation.

10.    During a deposition, counsel of record for the Plaintiff or Defendant will designate on the record at the deposition those portions of the deposition testimony addressing or concerning Confidential Information. The court reporter will mark that portion of the transcript as Confidential Information and set forth on the deposition cover page an indication that the deposition contains Confidential Information. That portion of the deposition testimony so designated will be treated as Confidential Information during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel of record. Treatment of that deposition testimony as Confidential Information will expire at the end of that fifteen (15)

day period unless before the expiration of that fifteen (15) days, counsel for either party submits a written request to continue such designation. The request to continue such designation as Confidential Information shall be made by notifying all counsel in writing of those portions that are to be stamped as addressing or disclosing the Confidential Information or otherwise treated as such. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

11.   If Receiving Party files with the Court any pleading, motion, application, memorandum of law, or other paper that in any manner quotes, paraphrases, attaches as an exhibit or otherwise discloses Confidential Information or portions of a deposition transcript labeled as "Confidential Information", Receiving Party shall only utilize those portions of the Confidential Information relevant and pertinent to the motion and issue before the Court. Before such a filing, the Receiving Party shall provide Producing Party at least fifteen (15) days advance written notice by U.S. mail and email specifically identifying those relevant and pertinent portions of the Confidential Information intended to be used so that Producing Party can address whether the portions are relevant and pertinent and notify the ATW 854 Pension Fund of Receiving Party's intention. Within fifteen (15) days after such notice, the Producing Party may object on the grounds that the Receiving Party is producing portions of Confidential Information that are not relevant and pertinent to the issue before the Court. If the Receiving Party and Producing Party are unable to reach agreement on the relevant and pertinent portions of Confidential Information to be filed with the Court, the Producing Party may make an application to the Court to resolve the

issue. Further, the ATW Pension Fund may make an application to the Court to seal all or portions of the Confidential Information in accordance with governing law.

12.     Extracts, paraphrases and summaries of Confidential Information shall also be treated with the same level of confidentiality as the designated information from which it was derived.

13.     Nothing in this Stipulation shall operate as an admission by any Party that any particular document or information is, or is not "Confidential Information".

14.     This Stipulation is entered into without prejudice to the right of any Party to seek modification of the Stipulation.

15.     This Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal).

16.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17.     Pursuant to Blitman & King LLP's Record Retention Policy, Blitman & King LLP, counsel of record for the Receiving Party, may retain one (1) copy of the Confidential Information and any documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits containing the Confidential Information, for the sole purpose of complying with any document retention obligations imposed by its malpractice carrier. The Confidential Information retained by Blitman & King LLP is subject to this Stipulation, including, but not limited to, Paragraph No. 19 concerning a court order,

Case 7:20-cv-08743-CS-PED   Document 107   Filed 07/27/21   Page 7 of 10

subpoena or other direction by a court, administrative agency or legislative body seeking production of the Confidential Information.

18.   This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

19.   If a Receiving Party is asked to produce Confidential Information to persons other than those identified in Paragraph No. 3 pursuant to or in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party shall give written notice by mail and email to the counsel for the Producing Party within ten (10) days of receipt of such order, subpoena, or direction, so that the Producing Party or ATW Local 854 Pension Fund can object to the production of such Confidential Information, if the Producing Party or ATW Local 854 Pension Fund so desires. Receiving Party shall not object to any appearance by Producing Party or the ATW Local 854 Pension Fund to assert that the Confidential Information is confidential or proprietary. If neither the Producing Party nor ATW Local 854 Pension Fund seeks appropriate relief from the Court within 30 days after such notice, including but not limited to, a motion for a protective order, the Receiving Party of the subpoena or court order may respond to any such subpoena or court order. If the Receiving Party would be obligated to respond to such order, subpoena or direction before the deadline for the Producing Party or ATW Fund to object, Receiving Party shall request and make reasonable efforts to obtain appropriate extensions of time to respond. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring Receiving Party to subject itself to any penalties for

noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

20.    This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: July 27, 2021

BLITMAN & KING LLP

By: _____
   Jennifer A. Clark, Esq.
   Bar No. JC5102
   Franklin Center, Suite 300
   443 North Franklin Street
   Syracuse, New York 13204
   Telephone: (315) 422-7111
   Attorney for Defendant

Dated: July 25, 2021

LAW OFFICES OF JENNIFER SMITH PLLC

By: _____
   Jennifer S. Smith, Esq.
   One Liberty Plaza
   165 Broadway, 23rd Floor
   New York, New York 10006
   Telephone: (347) 689-7557
   Attorney for Mar-Can

**SO ORDERED:**

Dated: __7/27__, 2021

_____
Hon. Paul E. Davison
United States Magistrate Judge

Case 7:20-cv-08743-CS-PED   Document 107   Filed 07/27/21   Page 9 of 10

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mar-Can Transportation Company, Inc., | 20-CV-8743 (CS)(PED) |
| Plaintiff, | ECF |
| -against- | **AGREEMENT WITH RESPECT TO CONFIDENTIAL INFORMATION** |
| Local 854 Pension Fund, | |
| Defendant. | |

I, _____ state that:

1.    My address is _____,

2.    My present occupation or job description is _____,

3.    I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-captioned action on _____.

4.    I have carefully read and understand the provisions of the Stipulation.

5.    I will comply with all of the provisions of the Stipulation.

6.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

7.    I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

8.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____          _____