UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MAR-CAN TRANSPORTATION COMPANY, INC.,<br><br>         Plaintiff,<br><br> – against –<br><br>LOCAL 854 PENSION FUND,<br><br>         Defendant. | **REPLY AFFIDAVIT OF JENNIFER A. CLARK IN SUPPORT OF MOTION UNDER FRCP RULE 19 TO DIRECT PLAINTIFF TO ADD PARTY**<br><br>Civil Action No.<br>7:20-cv-8743 (CS) |

STATE OF NEW YORK )
COUNTY OF ONONDAGA ) ss.:

**JENNIFER A. CLARK**, being duly sworn, deposes and says:

1. I am a partner in the law firm of Blitman & King LLP, attorneys for the Defendant Local 854 Pension Fund ["Defendant Pension Fund"] in the above-referenced action. I am admitted to practice before this Court and I am fully familiar with all the facts and circumstances herein.

2. I submit this Reply Affidavit in support of Defendant Pension Fund's motion requesting a Court Order directing Plaintiff to join the ATW 854 Pension Plan ["new ATW Plan"] as a party and in response to Plaintiff Mar-Can's papers.

3. Contrary to Plaintiff's misrepresentation, I never stated on October 19, 2021, that I was "not aware of any missing documentation". Rather, I advised Attorney Smith that I did not recall the collective bargaining agreements ["CBAs"] that she purportedly produced and that I would review my file concerning those CBAs.

{B0228719.1}

4. In reviewing my file after that conversation, I discovered the substantially redacted document labelled "Collective Bargaining Agreement Between Empire State Business Corp. . ." that Attorney Smith annexed as Exhibit "C" to her Declaration. (Docket No. 136-3, Exh. "D") That substantially redacted document is insufficient. Since there is an "Attorneys Eyes Only" Protective Order in this case (Docket No. 108), Plaintiff Mar-Can must produce a complete unredacted copy of another employer's CBA requiring that other employer to remit contributions to the new ATW Plan. This discovery dispute is not before the Court at this time.

5. As set forth in my Affidavit of October 6, 2021, filed in support of Defendant Pension Fund's motion, Defendant Pension Fund has an outstanding request of Plaintiff, dated August 26, 2021, and outstanding Subpoenas served on the new ATW Plan and the ATW Union seeking documents to establish that the new ATW Plan is a multiemployer defined benefit plan. This discovery dispute is not before the Court at this time. (Docket No. 127, Exhs. "E", "F" and "G").

6. Defendant Pension Fund has not contended on this motion that because the Defendant Pension Fund needs discovery from the new ATW Plan, the new ATW Plan is a necessary party under FRCP Rule 19; there is no such argument in the Defendant Pension Fund's papers. Rather, the Court was advised of the status of Defendant Pension Fund's outstanding discovery requests concerning the new ATW Plan's status to illustrate that the new ATW Plan and Plaintiff have not cooperated in this action concerning that issue. (Defendant Pension Fund's Memorandum of Law, p. 10, Docket No. 128). Therefore, it is unlikely that the new ATW Plan will agree to the amount of assets and liabilities to be transferred to it and that litigation from the new ATW Plan concerning that issue is likely.

7.     Plaintiff Mar-Can, in its papers, suggests that the new ATW Plan may not agree with the correctness of the Defendant Pension Fund's pension transfer calculations. (Plaintiff's Memorandum of Law, p. 10, Docket No. 135). Plaintiff's assertion suggests that the Defendant Pension Fund may expect litigation from the new ATW Plan concerning those calculations.

8.     As shown by the docket in Hoeffner v. D'Amato, 09-cv-03160-PKC-CLP (E.D.N.Y. 2016), although participants of the new fund filed that action seeking an ERISA 4235 transfer from the old plan, there was a new dispute between the old plan and the new plan "as to the proper calculation of the amount of assets to be transferred and related issues". 09-cv-03160-PKC-CLP (E.D.N.Y. 2016), Docket 187-52 (letter to PBGC).

9.     Contrary to Plaintiff's contention, there has been no pronouncement from this Court that "it makes sense to litigate any disputes concerning the contents of Defendant's [ERISA Section 4235(b)(1) & (2)] notice to the ATW Fund prior to its issuance, to avoid repetitive litigation". Plaintiff's Memorandum of Law, p. 3 (Docket No. 135). This issue has never been raised with the Court and Plaintiff's Amended Complaint does not request a Court Order determining the contents of the Defendant's notice under ERISA Section 4235(b)(1) & (2), 29 U.S.C. § 1415(b)(1) & (2). (Docket No. 47, Amended Complaint). Moreover, Defendant Pension Fund's notice to the new ATW Plan was already issued on May 20, 2021. (See, Docket No. 127, Clark Affidavit, ¶10, Exh. "C").

10.    As the record shows, there is a pending motion before the Court requesting that it direct Plaintiff to proceed to arbitration concerning the interest rate assumption used by the Defendant Pension Fund's actuary, the calculation of the assets and liabilities to be transferred to the new ATW Plan based upon that interest rate assumption, and any other factual dispute

that Plaintiff has in this case. (Docket Nos. 130, 131, 132, 133). As those motion papers show, the arbitrator, not the Court, is required to address any issues concerning the figures set forth in the Defendant Pension Fund's notice. Id. The Court has not ruled on this motion and it has not decided, as claimed by Plaintiffs, that "it makes sense to litigate any disputes concerning the contents of Defendant's [ERISA Section 4235(b)(1) & (2)] notice".

11. Defendant Pension Fund never claimed that Palumbo and Hoeffner did not involve NLRB certifications. There is no such statement in Defendant Pension Fund's papers. Defendant Pension Fund simply stated that this case is different than Hazel Park, Palumbo and Hoeffner. (Defendant Pension Fund's Memorandum of Law, p. 10, Docket No. 128).

12. Defendant Pension Fund never misrepresented the involvement of the new pension plan in the Palumbo and Hoeffner cases. Defendant Pension Fund pointed out that in Palumbo, the new pension fund was required to sign the settlement documents and a release, and in Hoeffner, the new plan appeared as an interested party and was represented by the same attorney representing the old plan. The new plans were involved in both Palumbo and Hoeffner, unlike this case. (Defendant Pension Fund's Memorandum of Law, pp. 9-10, Docket No. 128).

13. Plaintiff Mar-Can has not cited any authority that overrules the Second Circuit's pronouncement in T.I.M.E.-D.C., Inc. v. Management-Labor Welfare & Pension Funds of Local 1730, 756 F.2d 939, 947 (2d Cir. 1985) that "the old and new plans must agree on the amount of assets and liabilities that should be transferred".

14. Plaintiff Mar-Can has not submitted any authority that establishes that the new ATW Plan, a non-party, will be bound by any decision of this Court concerning the amount of assets and liabilities to be transferred to the new ATW Plan by Defendant Pension Fund.

**WHEREFORE**, Defendant respectfully requests that the Court direct Plaintiff to add the ATW Local 854 Pension Plan as a party to the action.

_____
JENNIFER A. CLARK

Sworn to before me this
28th day of October, 2021.

_____
Notary Public

TAMMY S. SENECAL
Notary Public, State of New York
Qual. in Oswego Co. No. 01SE6077414
Commission Expires July 8, 20 23

{B0228719.1}   5